## A. H. ABRAHAMS & SON *vs.* KELLY & BARRETT.

The Supreme Court has no power to correct an error of fact committed by the Circuit Judge in refusing a motion for new trial, made on the ground that the evidence was insufficient to support the verdict.

A mere omission by the Circuit Judge to charge a particular proposition of law, or a mere misstatement of the law by him, is no ground of exception to his charge. The party desiring the charge made, or the misstatement corrected, must bring the matter to the attention of the Judge, and request him to make the charge or correct the misstatement, as the case may be, and then, if he neglects or refuses, exception may be taken, and the matter brought by appeal before the Supreme Court.

BEFORE CARPENTER, J., AT CHARLESTON, FEBRUARY TERM, 1870.

The statement and grounds of appeal upon which the case was heard by this Court are as follows :

This was an action brought by the plaintiffs on a judgment recovered by them against the defendants, on the fifth day of February, 1859, in the Court of Common Pleas for Charleston District, in this State. Both *fi. fa.* and *ca. sa.* were issued on the same day. The record of the judgment was produced in evidence. But neither the *fi. fa.* or *ca. sa.* were shewn, and no official evidence was offered as to the return upon them. The attorney for plaintiffs testified as to his impression that they had been returned, and sent by him to Columbia for safety, and there burned, in February, 1865, but the particulars of the return, or by whom made, he did not remember.

It was proved that the partnership of Kelly & Barrett had been dissolved before this judgment was obtained, and that Barrett had assumed the payment of this debt. Also, that he was resident in

Charleston at the time the *fi. fa.* and *ca. sa.* were lodged. That, subsequently, another judgment in favor of Gidiere was obtained against the same parties; and that, in September or October, 1859, the Sheriff arrested Barrett—whether upon both *ca. sas.* or only one, does not appear—but Mr. Dingle, the attorney for Gidiere, testified that the amount due upon Gidiere's judgment was paid by Barrett at that time.· Some time after this Barrett left this State, and has not returned.

The defendant, Kelly, testified that he always understood that Barrett had settled everything before he left the State; that·he, the other defendant, had always lived in Charleston; was the owner of a good house and lot; the title was in his own name, and it was so returned for taxation. That his ownership of said house was open and notorious; yet it had never been levied on under said judgment; nor had he ever been applied to for payment of said judgment.

William Aiken Kelly, son of defendant, testified that, in the last year, desiring to raise some money for his business purposes upon mortgage of his father's house, it was discovered, in examining the title, that the judgments against Kelly & Barrett, in favor of plaintiffs and Gidiere, had never been entered as satisfied. That he applied for such satisfaction, which was promptly given by Mr. Dingle, as attorney for Gidiere. Plaintiff said he believed his judgment had been paid, but could not positively remember. He, witness, went with plaintiff to his attorney, and he said he could not remember whether it had been paid. After this the suit was instituted to revive the judgment.

The case was submitted to the jury without argument, the Judge charging that it was a question of fact, under all the circumstances, for the jury to decide whether the judgment had been paid or not.

The jury found for the defendant.

A motion for a new trial was made before the Circuit Judge, on the 8th April, 1870, and it was refused on the same day.

The plaintiffs appealed from the verdict of the jury and the decision of the Judge refusing a new trial, on the following grounds, viz:

1. Because there was no proof that the judgment sued on was ever paid.—3 Hill, 278, *English* vs. *Cleary*.

2. Because no legal presumption of payment could arise but from the lapse of twenty years, and eleven years only had expired since the judgment had been recorded in 1859.—7 Johnson's Reports, 556,

*Thomson* vs. *Skinner;* 2 Tr. Cons., 617, *Kennedy* vs. *Ex'ors of De-noon;* 2 Mills' Con., 146, *Adm'rs of Cohen* vs. *Ex'ors of Thompson.*

3. Because the facts of a subsequent judgment having been paid, the liability of the Sheriff for an escape, and one of the defendants owning real estate and being able to pay the judgment, did not warrant the presumption that the plaintiffs' judgment was paid; the plaintiffs had the right to hold on to their judgment and obtain payment from the solvent partner, and not to incur the risk, and expense of suing the Sheriff for not arresting Barrett, the other partner.

*Phillips,* for appellants.

*Pressley, Lord* and *Inglesby,* contra.

Jan. 5, 1871. The opinion of the Court was delivered by

WILLARD, A. J. The appellants brought an action on a judgment. On the trial evidence was introduced tending to prove that the judgment had been satisfied. The verdict was for the defendant. A motion was made before the Circuit Judge for a new trial, which was denied. The present appeal brings here a single ruling of the Circuit Judge as a subject of review upon exception. It is embraced in the charge of the Judge, and is to the effect "that it was a question of fact, under all the circumstances, for the jury to decide whether the judgment had been paid or not."

Evidence bearing on this question of actual payment and satisfaction had been submitted to the jury without objection, as far as appears to us, and it was a matter of course for the jury to determine the weight of evidence, so submitted, and for the Circuit Judge so to instruct them. This is the whole purport of the charge as brought before us.

The first proposition advanced by the appellants is that there was no proof that the judgment had been paid. There was, however, some evidence of payment, and whether it amounted to proof it was for the jury to say. If the evidence was insufficient to support the verdict, that was ground for a motion for a new trial before the Circuit Judge. We have no power to correct any error of fact that may have been committed by the Judge in refusing such motion.

The third proposition of the appellants is sufficiently answered by what has been said in reference to the first proposition.

The second proposition is to the effect that the legal presumption of payment does not arise unless the full period of twenty years

has elapsed. It does not appear that this proposition was brought to the notice of the Circuit Judge at the trial. It was not touched upon in the charge, nor was there any request to charge made in respect of it. The presiding Judge is not bound to submit to the jury any particular proposition of law, unless his attention is called to it, and a request made to that effect. However important to the case such proposition may be, error cannot be alleged, unless, after request, he has refused to submit it. Nor is a misstatement of the law error, unless his attention is called to it, and he neglects or refuses to correct it. It is the office of exceptions to bring before us only such matters of law as were the subject of contest upon the trial.

It does not appear that the verdict would have been different had the Circuit Judge charged that there was no legal presumption of payment in favor of the defendant in the case. The issue did not go to the jury on the strength of such legal presumption, but on the question of payment in fact. Had the case stood before the jury on the lapse of time alone, the proposition of appellants would have been decisive of it. But such was not the case. That lapse of time, though less than twenty years, may have influenced the view taken by the jury of the facts and circumstances offered in proof of payment, is probable. If the plaintiff desired to guard the jury against giving too much weight to the mere fact of lapse of time, by bringing before them the proposition under consideration, it was his duty to request the Judge so to charge, and such request and refusal should appear in the exceptions before us.

No error appears in the rulings before us. The motion for a new trial must be denied.

*Moses*, C. J., and *Wright*, A. J., concurred.